UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH A. FIORIE and LISA C. FIORIE,

                        Plaintiffs,

vs.

TOYOTA MOTOR NORTH AMERICA,
INC., TOYOTA MOTOR CORPORATION
And TOYOTA MOTOR SALES, U.S.A.,
INC.,

                        Defendants

**ANSWER**

Civil Action No:  07 CV 6602(TO)

Defendant, TOYOTA MOTOR CORPORATION (hereinafter "TMC"), by its attorneys, Gibson, McAskill & Crosby, LLP, as and for an Answer to plaintiffs' Complaint:

1.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraphs 1, 7, 13 and 31.

2.      Admits the allegations contained in Paragraphs 2, 4, 5 and 6.

3.      As to the allegations contained in Paragraph 3, admits only that TMC is a foreign corporation located in Japan but denies the remaining allegations.

4.      As to the allegations contained in Paragraph 8, admits that TMC manufactured, in part, the subject 2004 Lexus automobile, but denies the remaining allegations.

5.      As to the allegations contained in Paragraphs 9 and 14, denies the airbag "failed" to deploy to the extent that term implies the airbag system was defective or did not perform as designed, and denies knowledge and information sufficient to form a belief as to the remaining allegations.

6.      As to the allegations contained in Paragraph 10, denies that Toyota Motor Sales, U.S.A., Inc. ('TMS") manufactured the 2004 Lexus; denies that Toyota Motor North America

(hereinafter "TMA") manufactured or sold the 2004 Lexus; denies that the subject 2004 Lexus caused any injury to plaintiff; and, admits that TMC manufactured, in part, the 2004 Lexus, and denies the remaining allegations.

7.    Denies each and every allegation contained in Paragraphs 11, 15, 16, 22, 23, 27, 28, 29, 32 and 33.

8.    As to the allegations contained in Paragraph 12, denies a defect in the 2004 Lexus and denies knowledge and information sufficient to form a belief as to the remaining allegations.

9.    Treat the allegations contained in Paragraphs 17, 24 and 30 as treated elsewhere herein.

10.    As to the allegations contained in Paragraphs 18, 19, 20 and 21, denies TMA made any warranties; denies TMS and TMC made any warranties beyond those contained in the Warranty booklet provided to all original purchasers of Lexus vehicles and those warranties implied by law, denies breaching any said warranties; and denies the remaining allegations therein.

11.    As to the allegations contained in Paragraphs 24 and 25, denies that TMS manufactured the 2004 Lexus; denies that TMA manufactured or sold the 2004 Lexus; denies that the subject 2004 Lexus caused any injury to plaintiff; admits that TMC manufactured, in part, the 2004 Lexus;  reserves all questions of law to this Court; and, denies the remaining allegations therein.

12.    Denies each and every allegation of the Complaint not heretofore specifically admitted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

13.    The answering defendant, if liable at all in this matter, is fifty percent (50%) or

less liable and as such, the answering defendant's liability to the plaintiffs for non-economic loss shall not exceed each respective defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss pursuant to Article 16 of the New York State Civil Practice Law and Rules.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

14.    All or part of plaintiffs' claimed economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent, the answering defendant requests that in the event plaintiffs recover any judgment herein, that said judgment be reduced by any amounts that have been or may be recovered in whole or in part from collateral sources, pursuant to CPLR 4545.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

15.    Some of the causes of action in the Complaint fail to state any claim against defendant upon which relief can be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

16.    Plaintiffs have received full or partial payment for the injuries alleged in plaintiffs' Complaint by way of a settlement against the co-defendant or other unnamed defendants, and/or his insurance company.  As such, any judgment which may be rendered against the answering defendant must be reduced by the amount stipulated by the release between the co-defendant or other unnamed defendants, and/or his insurance company and plaintiffs, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages under Article 14 of the New York Civil Practice Laws and Rules,

whichever is greatest, pursuant to New York General Obligation Law §15-108.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

17.    Some or all of the plaintiffs' causes of actions are barred by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

18.    Any injury, loss, and/or damages that may have been sustained by plaintiffs was the result of an independent, intervening agency or instrumentality over which answering defendant had no control or right of control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

19.    The culpable conduct of the plaintiffs, if not the sole cause of damages sustained by the plaintiffs in the accident alleged in the complaint, contributed to such injuries and damages and any damages otherwise recoverable by plaintiffs in this action shall be diminished in the proportion which the plaintiffs' culpable conduct bears to the culpable conduct which caused such damages, pursuant to Article 14A of the New York State Civil Procedure Law and Rules.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

20.    That at the time of the occurrence alleged in the Complaint the plaintiffs had available for their use seatbelts and/or shoulder harnesses to prevent partial or total ejection from the vehicle in which they were riding, to restrict their movement within the vehicle in which they were riding, and to prevent them from coming in contact with portions of the vehicle in which they were riding, but the plaintiffs was negligent in that they did not use these restraining devices

4

or did not use these restraining devices properly, with the result that the injury and damage alleged and the extent thereof was increased beyond what it would have been if the aforementioned restraining devices had been used and/or used properly by plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

21.    The vehicle referred to in plaintiff's Complaint conformed to the state of the art and complied with all applicable government regulations and standards.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

22.    That the answering defendant denies any negligence on its part which was a proximate cause of the injuries alleged in the complaint, but if the answering defendant is found liable to the plaintiff, then such liability will have been brought about by reason of the active and primary negligence of third parties and if the answering defendant is found liable to any degree in this action to the plaintiff, then answering defendant will be entitled to indemnification by and judgment over and against the third parties for the full amount of said liability, or for contribution for such proportionate share as represents the full amount, degree or kind of negligence attributable to the third-party tortfeasor pursuant to Article 14 of the civil Practice Law and Rules

**WHEREFORE**, defendant TOYOTA MOTOR CORPORATION demands judgment dismissing the plaintiffs' Complaint; or, in the event that the plaintiffs are entitled to recover, that the amount of damages recoverable be diminished in the proportion which the culpable conduct and contributory negligence attributed to plaintiffs bears to the culpable conduct and negligence which caused such damages pursuant to Article 14A; that liability for non-economic loss be limited pursuant to Article 16 of the Civil Practice Law and Rules; that any verdict be reduced pursuant to CPLR 4545; that liability be apportioned among all parties pursuant to Article 14 of

5

the Civil Practice Law and Rules and answering defendant receive indemnification and

contribution in accordance with such apportionment; together with the costs and disbursements

of this action; and for such other, further and different relief which may seem just, proper and

equitable.

Dated:  Buffalo, New York
       June 25, 2008

                                 /s/ Robert G. Scumaci
                                ROBERT G. SCUMACI, ESQ. (RS5343)
                                Gibson, McAskill & Crosby, LLP
                                Attorneys for Defendant
                                TOYOTA MOTOR SALES, U.S.A., INC.
                                And TOYOTA MOTOR CORPORATION
                                69 Delaware Avenue, Suite 900
                                Buffalo, New York  14202
                                (716) 856-4200

TO:    Jon E. Bonavilla, Esq.
        Culley, Marks, Tanenbaum & Pezzulo, LLP
        Attorney for Plaintiffs
        36 West Main Street, Suite 500
        Rochester, New York  14614